IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DESMOND MATHIS, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| **Plaintiff,** | § § | **Civil Action No.** |
| v. | § § | **3:18-CV-00079** |
| MASONITE CORPORATION | § § | |
| **Defendant.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Desmond Mathis ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of [its] employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant violated the FLSA by shorting Plaintiff's overtime pay for hours worked over forty in a workweek. Defendant further violated the FLSA by paying its hourly, FLSA non-exempt employees non-discretionary bonuses without including those bonuses in its calculations of Plaintiffs' regular rate of pay for purposes of calculating the overtime rate. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Desmond Mathis is an individual who resides in Hunt County, Texas. He has been employed by Defendants within the meaning of the FLSA since January 2016. Named Plaintiff Desmond Mathis has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

4. The Named Plaintiff and Class Members are Defendants' current and former hourly, FLSA non-exempt employees who worked as such for Defendant in the United States of America and were paid an hourly wage but were not compensated at a rate of one and one-half their regular rates of pay for hours worked over forty in a workweek.

5. Masonite Corporation is a Delaware corporation that is currently authorized to do business in Texas and that is doing business in Texas. Its principal office is in Tampa, Florida. Its registered agent for service of process is Corporate Creations Network Inc., 2425 West Loop South No. 200, Houston, Texas 77027.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this case because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas. Named Plaintiff Mathis was an employee of Defendants, and performed work for Defendant, in Greenville, Hunt County, Texas from 2016 until the present. Defendant continues to do business in Greenville, Texas. In addition, inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an "employer" in relation to the Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

13. Defendant is a worldwide manufacturer of interior and exterior doors, door entry systems, and door components. It employs more than 9,000 individuals worldwide and thousands of individuals in the United States.

14. Named Plaintiff Mathis started working for Defendant—through temporary employment agency Randstad—in Greenville, Texas in approximately January of 2016 as a Door Catcher. He was an hourly paid employee classified as non-exempt from the protections of the FLSA and therefore eligible for overtime compensation ("non-exempt").

15. In approximately June of 2016, Named Plaintiff Mathis was hired as a direct employee of Defendant. He was hired as a Palazzo Team Member, an hourly paid employee classified as non-exempt.

16. In approximately March of 2017, Named Plaintiff Mathis became a Door Feeder. As a Door Feeder, he remained an hourly paid employee classified as non-exempt.

17. In approximately September of 2017, Named Plaintiff Mathis returned to his position as a Palazzo Team Member. As a Palazzo Team Member, he remained an hourly paid employee classified as non-exempt.

18. The Door Catcher, Door Feeder, and Palazzo Team Member jobs are manual labor positions in Defendant's production line. Defendant has other manual labor jobs on its production line, including Machine Operators, Fork Life Operators, and many others.

19. Defendant did not pay Named Plaintiff Mathis or Class Members on a salary or a fee basis pursuant to 29 C.F.R. §541.600. Instead, Defendant paid Named Plaintiff Mathis and Class Members an hourly wage.

20. Beginning in approximately August of 2016, Named Plaintiff Mathis started working additional shifts that brought his weekly hours worked to roughly 44 hours. This schedule continued until approximately early March, 2017, when Mathis started working roughly 50-53 hours per week.

21. Although Named Plaintiff Mathis nearly always worked more than forty hours per week from August 2016 until September 2016, Defendant did not compensate Named Plaintiff Mathis at a rate of one and one-half of his regular rate of pay for all hours worked over forty in a week.

22. For example, although Named Plaintiff Mathis worked more than forty hours in both the February 6, 2017 to February 12, 2017 workweek and the February 13, 2017 to February 19, 2017 workweek, in the paystub covering both weeks, he was compensated for just 72.17 hours at his regular hourly rate of $12 per hour and 20.13 hours at $6 per hour, half his hourly rate.

23. This pattern continued throughout Named Plaintiff Mathis' employment. As another example, Although Named Plaintiff Mathis worked approximately 50-53 hours per week in both the August 21, 2017 to August 27, 2017 workweek and the August 28, 2017 to September 3, 2017 workweek, in the paystub covering both weeks, he was compensated for 83.5 hours at his regular hourly rate of $12.36 per hour and 16.29 hours at $6.18 per hour, half his hourly rate.

24. For all times relevant to this action, Named Plaintiff and Class Members were employees who were not exempt from the protections of the FLSA. They were, therefore, entitled to receive

overtime compensation at a rate not less than one-and-one-half their regular rates of pay for all work hours in excess of 40 in a workweek. Defendants did not pay Plaintiffs at proper overtime rates for all of their work in excess of 40 hours in a workweek.

25. Named Plaintiff Mathis and Class Members were also paid non-discretionary Plant Incentive bonuses. However, Defendant did not include the Plant Incentive Bonus in their regular rate of pay for purposes of calculating their overtime premium. For example, on March 23, 2017, Named Plaintiff Mathis was paid a non-discretionary Plant Incentive bonus of $172.69. Although Named Plaintiff Mathis worked more than forty hours per week during weeks covered by the bonus, he was not paid an overtime premium based on a regular rate of pay that included the non-discretionary Plant Incentive bonus.

26. Defendant employs other hourly paid, non-exempt individuals who are paid non-discretionary Plant Incentive bonuses not included in their regular rates of pay for purposes of calculating an overtime premium.

27. Defendants knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff Mathis and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that in that they are performing FLSA non-exempt work in the form of manual labor. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid an hourly wage, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. Named Plaintiff and the Class Members were further subject to the same unlawful

pay provisions in that Defendant paid them by the hour and paid them non-discretionary bonuses but did not include those bonuses in the regular rate of pay for purposes of calculating the overtime rate.  Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

29. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from policies or practices of paying Named Plaintiff and Class Members in the manner described herein above.  These policies or practices are and have been, at all relevant times, applicable to the Named Plaintiff and all Class Members.  Application of these policies or practices do not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members.  Accordingly, the "Class Members" are properly defined as:

> **All individuals employed by Defendant in the last three years who were paid by the hour were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

### VII. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. Named Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

31. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which

they were employed. Defendant has acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

Named Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of all such class members, on trial of this cause, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

d. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

e. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

f. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

h. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

    Respectfully Submitted,

    **MORELAND LAW FIRM, P.C.**
    The Commissioners House at Heritage Square

        2901 Bee Cave Road, Box L
        Austin, Texas 78746
        Tel: (512) 782-0567
        Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
     Daniel A. Verrett
     State Bar No. 24075220
     daniel@morelandlaw.com


Edmond S. Moreland, Jr.
State Bar No. 24002644
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier
edmond@morelandlaw.com

**ATTORNEYS FOR PLAINTIFF**